1  **Catherine M. Mathers, Esq. (State Bar No. 221983)**
2  **Erin R. Dunkerly, Esq. (State Bar No. 260220)**
   **COLLINS COLLINS MUIR + STEWART LLP**
3  **1100 El Centro Street**
4  **South Pasadena, CA  91030**
   **(626) 243-1100 – FAX (626) 243-1111**
5  **Email:  cmathers@ccmslaw.com**

6  Attorneys for Defendants COUNTY OF LOS ANGELES, LOS ANGELES
7  SHERIFF'S DEPARTMENT, LEROY D. BACA, LARRY L. WALDIE, MARVIN
   O. CAVANAUGH, PAUL K. TANAKA, ROBERTA ABNER, DENNIS BURNS
8  and ALEXANDER R. YIM

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  DARIEL RICHARDSON, an individual, | )  **CASE NO. CV 10-9147 VBF (MANx)** |
| 14 | )  *[Assigned to the Hon. Valerie Baker* |
| | )  *Fairbank in Courtroom 9]* |
| 15              Plaintiff, | ) |
| | )  **PROTECTIVE ORDER ENTERED** |
| 16        vs. | )  **PURSUANT TO THE PARTIES'** |
| | )  **STIPULATION** |
| 17  STATE OF CALIFORNIA; | ) |
| 18  CALIFORNIA HIGHWAY PATROL; | ) |
| 19  J.A. FARROW, Commissioner of | ) |
|    California Highway Patrol, individually | ) |
| 20  and in his official capacity; COUNTY | ) |
|    OF LOS ANGELES; LOS ANGELES | ) |
| 21  SHERIFF'S DEPARTMENT; LEROY | ) |
| 22  D. BACA, Los Angeles County | ) |
|    Sheriff, individually and in his official | ) |
| 23  capacity; LARRY L. WALDIE, | ) |
| 24  Undersheriff of Los Angeles County, | ) |
|    individually and in his official | ) |
| 25  capacity; MARVIN O. | ) |
| 26  CAVANAUGH, Assistant Sheriff of | ) |
|    Los Angeles County, individually and | ) |
| 27  in his official capacity; PAUL K. | ) |
| 28  TANAKA, Assistant Sheriff of Los | ) |

**PROTECTIVE ORDER**

Angeles County, individually and in his )
official capacity; ROBERTA ABNER, )
Chief of Los Angeles County Sheriff's )
Dept., individually and in her official )
capacity; DAVID R. BETKEY, )
individually and in his official )
capacity; RICHARD J. BARRANTES, )
individually and in his official )
capacity; DENNIS BURNS, )
individually and in his official )
capacity; ALEXANDER R. YIM, )
individually and in his official )
capacity; MARK GRIFFITH, an )
individual, and DOES 1 through 10, )
)
Defendants. )
_____ )

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation ("Stipulation") filed on July 1, 2011,[1] the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of Paragraphs 1, 2, 3, and 4 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "confidential," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "confidential," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

---

[1]      On August 3, 2011, a (Proposed) Order Granting Stipulation for Protective Order was filed, because it was inadvertently not included as an attachment to the July 1, 2011 Stipulation.

2

**PROTECTIVE ORDER**

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as "confidential," or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of

**PROTECTIVE ORDER**

the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

1.    The information and/or documentation referred to **subparagraphs (a) and (b) below** will be referred to collectively as the "confidential materials."

    **a.**    **Information and/or documentation from the criminal files of any non-party, including, but not limited to, Christopher Cowzer; and**

    **b.**    **Information and/or documentation from the personnel file of any and all defendants in the LOS ANGELES SHERIFF'S DEPARTMENT, including but not limited to LEROY D. BACA, LARRY L. WALDIE, MARVIN O. CAVANAUGH, PAUL K. TANAKA, ROBERTA ABNER, DAVID R. BETKEY, RICHARD J. BARRANTES, DENNIS BURNS, ALEXANDER R. YIM, and MARK GRIFFITH.**

2.    The Court orders that the confidential materials be released to counsel for the respective parties for the purposes of litigation in this matter.  The parties and their respective counsel hereby stipulate that the confidential materials shall be used in this litigation as follows:

    a.    Confidential materials and the information contained therein shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings;

    b.    Confidential materials produced in this action shall be designated by stamping each page of the document "confidential";

    c.    Under no circumstances shall the confidential materials, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated in any form except for the purposes of this litigated matter in

4

accordance with this Protective Order or further Order of the Court;

        d.    **The County of Los Angeles ("Defendant County") and Dariel Richardson ("Plaintiff")** reserve all objections, including but not limited to the objections that particular documents are:  confidential **or otherwise protected from disclosure pursuant to** the attorney-client privilege and/or the attorney work product doctrine **or the** official information privilege; **and/or** are not likely to lead to the discovery of admissible evidence and are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B);

        e.    Plaintiff reserves all rights and remedies under Federal Rules of Civil Procedure and Federal Rules of Evidence pertaining to discovery;

        f.    Defendant County reserves all rights and remedies under Federal Rules of Civil Procedure and Federal Rules of Evidence pertaining to discovery;

        g.    Confidential materials and the information contained therein may not be disclosed, except as set forth in Paragraph 5(h) below;

        h.    Confidential materials and the information contained therein may only be disclosed to the following persons/**entities**:

            i.    Counsel for Plaintiff and counsel for Defendants.

            ii.    Paralegal, law clerk, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in Paragraph 5(h)(i) above.

            iii.    Expert witnesses retained for the purposes of this litigation by counsel referred to in Paragraph 5(h)(i) above.

            iv.    **The Court and its** personnel, including stenographic reporters necessary for the preparation and processing of this action.

            v.    Any individual approved by the Court.

        i.    Confidential materials shall not be divulged to any other person or entity, including print, radio, and television media;

        j.    Confidential materials shall not be posted on the Internet or on any website;

**PROTECTIVE ORDER**

k.      If confidential materials are included in any papers to be filed in the court, **the party wishing to file such papers shall seek to have them filed under seal,** pursuant to procedures set forth in Local Rule 79-5.1; and

l.      Nothing in Paragraph 5(c) is intended to prevent authorized government officials for **Defendant** County from having access to the documents, if they **have or** had access in the normal course of their job duties;

3.      The parties shall cause the substance of this Protective Order to be communicated **to,** and **shall** obtain agreement to abide by the Protective Order **from,** each person **or entity, except the Court and its personnel, to** whom **or which** confidential materials are revealed in accordance with this **Protective** Order.

4.      After completion of the judicial process in this case, including any appeals or other termination of this litigation, all confidential materials produced by **Defendant** County under the provisions of this **Protective** Order, and copies thereof, **except those filed with this Court and any appellate court(s),** shall be destroyed or returned to the attorneys of record for **Defendant** County, Collins Collins Muir + Stewart LLP, at 1100 El Centro Street, South Pasadena, California 91030.

5.      That any counsel, expert or consultant retained in the instant case, or investigator retained by counsel for any party to this case, shall not disclose the confidential materials or the information contained therein, in any other court proceedings subject to further order of this Court;

6.      Provisions of this **Protective** Order insofar as they restrict disclosure and the use of materials shall be in effect until further order of this Court.

**IT IS SO ORDERED.**

DATED:  September 8, 2011

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

**PROTECTIVE ORDER**